JAMES TINNEY *versus* BENJAMIN ASHLEY *et al.*

The defendants gave the plaintiff a bond, reciting that for a valuable consideration
they had contracted to sell him 750 acres of land to be selected from their lots,
in case he should at his own expense select and survey that quantity, and that i·
was expected that he should complete his selection within two years from the date
of the bond, and conditioned, that if the defendants, on being duly notified of the
selection, with the numbers of the lots &c., and on the giving up to them of the
bond, should execute and deliver to the plaintiff a good and sufficient warranty
deed thereof, then the bond should be void. It was *held*, that the bond did not
require absolutely that the selection should be made and notice of it given, within
the two years, and that a declaration averring these things to have been done
within a *reasonable* time, was sufficient.

Where concurrent acts are to be performed by the parties to a contract, at the same
time, the party suing for damages for the non-performance by the other party, is
required only to aver that he was *ready and willing* (without alleging an *offer*) to
perform the agreement on his part, and that the defendant was requested to per-
form it on his part but refused or neglected so to do.

A party who contracts to execute and deliver a deed, is bound to prepare the deed,
if there be no stipulation that it shall be prepared by the intended grantee.

A contract *to execute and deliver a good and sufficient warranty deed of land*, is
not a contract to convey a good title; wherefore a declaration alleging as a breach,
that the defendant had no legal and valid title, is insufficient.

In an action on a bond to execute and deliver a deed of land, a plea of general per-
formance, not stating specially the manner of performance, was *held* to be bad.

ACTION of debt. The first count alleges, that Benjamin
and Elijah Ashley, the defendants, on August 18, 1814, by
their writing obligatory of that date, (of which profert is
made,) acknowledged themselves to be indebted to the plain-
tiff in the sum of 3000 dollars, to be paid to the plaintiff, &c.

In the third count the plaintiff sets out the bond, with pro-
fert ; also the condition, which recites that the defendants, for
a valuable consideration, had contracted with the plaintiff to
sell to him 750 acres of land situate in the county of Ran
dolph, in Virginia, to be selected from either of their lots in
a tract of land described, in case the plaintiff should at his
own expense select and survey that quantity from two or more
lots, in a manner prescribed, and further recites, that it was
expected that the plaintiff should complete his selection within
two years from the date of the bond, and then provides that
if the defendants, on being duly notified of the aforesaid quan-
tity of land having been selected, with the numbers of the lots
so selected from and the respective quantities of land taken

from each number, and the giving up to the defendants of the writing obligatory, should execute and deliver to the plaintiff a good and sufficient warranty deed thereof, without fraud, covin or further delay, then the writing obligatory should be void, otherwise should remain in force ; and the plaintiff then avers, that within two years from the date of the bond, he did at his own expense select and survey 750 acres of land from the defendants' lots, in the manner prescribed in the recital and condition, and that he afterwards, within a reasonable time, duly notified the defendants of the selection, with the numbers of the lots so selected from and the respective quantities of land taken from each of those numbers, and proposed to give up the bond to the defendants, and demanded of them to execute and deliver to him a good and sufficient warranty deed of the land so selected ; yet the defendants have never executed and delivered to the plaintiff a deed as aforesaid of said lands, according to the tenor and effect of the writing obligatory and the condition thereof, but have neglected and refused so to do.

The fourth count sets out the bond, with profert, and the recital and condition, omitting the recital that it was expected the plaintiff should complete the selection within two years, and then avers, that *within a reasonable time after the date of the bond*, the plaintiff did at his own expense select and survey the quantity of land &c., of all which the defendants afterwards, at &c., and within a reasonable time, had notice, and the plaintiff then and there demanded of the defendants a good and sufficient warranty deed thereof, and was then and there ready to deliver up the bond to the defendants, yet the defendants have never executed and delivered to the plaintiff a deed &c., but have neglected and refused so to do.

The fifth count sets out the bond, with profert, and the condition and recital, as in the fourth count ; and the plaintiff avers, that at the time of the executing and delivering of the bond, the defendants had not, nor had either of them, nor have they or either of them at any time since had, a valid and legal title to the tract of land from which the selection by the plaintiff was to be made, or to any part thereof sufficient to make a selection from, and the defendants could not, at the time of executing the bond, or at any time thereafter, execut

and deliver to the plaintiff a good and sufficient deed of the 750 acres, part and parcel of the tract of land described in the condition of the bond, to be selected as therein provided. The plaintiff further avers, that after the execution and delivery of the bond, and in consequence thereof, he entered upon and took possession of the 750 acres of land, and cleared large parcels thereof, and cultivated and subdued the same, and made improvements thereon, and thereby expended a large sum of money, to wit, 1000 dollars, and has wholly lost the same.

The sixth count sets forth the bond, with profert, and the recital and condition; and the plaintiff avers, that as a consideration for the bond, and as a price for the 750 acres of land, he paid the defendants 2000 dollars, and afterwards, to wit, on August 1, 1815, he entered upon and took possession of the 750 acres of land, and cleared up a large part thereof, &c., and thereby expended on it 1000 dollars; nevertheless, the plaintiff avers, that at the time of executing and delivering the bond the defendants had not, nor had either of them, nor have they or either of them since had, a good and sufficient title to the tract of land described &c., and they could not give and have not ever given to the plaintiff a good and sufficient deed of the 750 acres of land, part or parcel thereof; but on the contrary, the right and title of the defendants thereto has been decided and decreed defective and insufficient to hold the same, by a court of Virginia having competent and legal jurisdiction thereof, and the plaintiff has been by force thereof deprived of the possession of the 750 acres and evicted therefrom, and has wholly lost the same and all his improvements and all the sums of money by him expended thereon, as well as the sum of 2000 dollars by him paid to the defendants as herein set forth.

The defendants, in their *second* plea, pleaded, as to the first count, that they did from time to time, and at all times &c., well and truly observe, perform, fulfil and keep, all and singular the articles, covenants, conditions and agreements in the condition of the bond, on their part and behalf to be performed, &c.

To this plea the plaintiff demurred specially, and assigned

for cause of demurrer, that it alleges a performance of the condition in general terms, without stating in what manner it was performed ; that although the condition is that the defendants do a specific act, yet they do not allege specifically that they did that act, nor do they allege any excuse for not doing the same.

The *ninth* plea, which was pleaded to the fourth count, was, that the plaintiff did not offer to give up to the defendants their bond, upon their executing a good and sufficient warranty deed of 750 acres of land, as stated in the bond.

To this the plaintiff demurred specially, 1. because it is immaterial ; 2. because it is immaterial, unless it be intended or construed as a denial and traverse of the allegation that the plaintiff was ready to deliver up to the defendants the bond and in manner and form as in the fourth count alleged ; and if so intended, it is bad, as it does not traverse the allegation directly or absolutely, but only argumentatively and so far as can be inferred from the allegation that he did not *offer* to give up the same.

The tenth plea, which was in answer to the first, third, and fourth counts, was that the plaintiff did not at any time present to the defendants a proper instrument to be by them executed as a good and sufficient warranty deed of the 750 acres of land. To this the plaintiff demurred generally.

To the twentieth and twenty-first pleas, which were in answer to the fifth and sixth counts, the plaintiff demurred generally.

*Wells* and *Alvord*, and *G. Bliss* and *Dwight*, for the plaintiff. To the point that the averment in the fourth count, that the plaintiff was *ready and willing* to give up the bond, without alleging an offer to give it up, was sufficient, they cited *Jones* v *Barkley*, 2 Doug. 689 ; *Bank of Columbia* v. *Hagner*, 1 Peters's Sup. Court R. 465 ; *Dana* v. *King*, 2 Pick. 155 ; *Ferry* v. *Williams*, 8 Taunt. 69 ; *Rawson* v. *Johnson*, 1 East, 203.

In respect to the tenth plea, they contended that in England, but more particularly in this commonwealth, in the absence of any stipulation to the contrary, it is incumbent on the vendor of land to prepare and tender the instrument of

*Tinney v. Ashley.*

*Sept. 27th*

Tinney
v.
Ashley.

conveyance ; *Pincke* v. *Curteis*, 4 Bro. C. C. 332 ; *Growsock* v. *Smith*, 3 Anstr. 877 ; *Heard* v. *Wadham*, 1 East, 627 ; *Seton* v. *Slade*, 7 Ves. 278 ; *Standley* v. *Hemmington*, 6 Taunt. 561 ; *Ferry* v. *Williams*, 8 Taunt. 62 ; *Hudson* v. *Swift*, 20 Johns. R. 24 ; and that in the present case, the contract itself required that the deed should be prepared by the vendors.

*Lathrop*, *Bates* and *Dewey*, *contrà*, to the point that where the vendee claims performance, he must prepare and present the deed to the vendor for execution, cited Sugd. Vend. (edit. 1820) 181 ; 3 Stark. Ev. (4th Amer. edit.) 1608 ; *Baxter* v. *Lewis*, Forrest, 61 ; *Martin* v. *Smith*, 2 Smith, 543 ; *Knight* v. *Crockford*, 1 Esp. R. 191 ; *Duke of Bolton* v. *Williams*, 2 Ves. jun. 155; *Hudson* v. *Swift*, 20 Johns. R. 27 ; and to the point that the fifth and sixth counts were bad, for the defendants' agreement was not to give a good title, but to deliver a warranty deed, they cited *Gazley* v. *Price*, 16 Johns. R. 268 ; *Parker* v. *Parmele*, 20 Johns. R. 130 ; *Aiken* v. *Sanford*, 5 Mass. R. 499 ; *Langford* v. *Pitt*, 2 P. Wms. 631 ; *Wynn* v. *Morgan*, 7 Ves. 202 ; Sugd. Vend. (edit. 1820) 249 ; *Hepburn* v. *Auld*, 5 Cranch, 262 ; *Clute* v. *Robison*, 2 Johns. R. 595 ; *Seymour* v. *Delancy*, 3 Cowen, 520,

*Alvord*, in reply, in respect to this last point, referred to Metcalf's Yelv. 76, (*Raney* v. *Alexander*,) note 2, and cases there cited ; *Newcomb* v. *Brackett*, 16 Mass. R. 161 ; *Roosevelt* v. *Fulton*, 2 Cowen, 129.

*March term 1835, in Hampden.*

WILDE J. drew up the opinion of the Court. The pleadings in this case have been multiplied to an unusual, and as it seems to me, an unnecessary extent. But some of the pleas have been waived, and as to some others, the defendants have had leave to amend ; so that a few general questions only remain now to be decided.

The first question to be considered, and which is probably the first in importance, relates to the sufficiency of the declaration, as to the 3d, 4th, 5th and 6th counts

The 3d and 4th counts depend on nearly the same principles. I shall advert, therefore, only to the 4th count ; for if that is sufficient, as we think it is, the 3d count is also sufficient

In the 4th count the plaintiff avers, that *within a reasonable time* after the date of the bond, he did at his own expense select and survey the lots of land to be conveyed ; and that of this the defendants *within a reasonable time* had notice ; and that the plaintiff, then and there, demanded of them a good and sufficient warranty deed thereof, and was then and there ready to deliver up to the defendants the said bond, yet that the defendants had never executed and delivered to the plaintiff a deed &c., according to the tenor of said bond and the recital and condition thereof, but had neglected so to do.

To this count the defendants' counsel have made two objec tions. The first is, that it ought to have been averred, that the selection was made, and the notice thereof given to the defendants, within two years from the date of the bond. And the second is, that the plaintiff should have averred that he tendered or offered to give up to the defendants the bond, and tendered a deed for the defendants to execute.

As to the first objection, the Court is of opinion, that by the true construction of the condition of the bond, the plaintiff was not bound at all events to make the selection and survey, and to give notice to the defendants, within two years after the date of the bond.

The words relied on by the defendants' counsel are, " and it is expected that the said Tinney shall complete his selection within two years." But this clause does not import, that it is to be done, at all events, and notwithstanding any obstacles and difficulties that might intervene. The contrary is to be inferred, for if it had been intended as a positive stipulation, different language would have been used, and the defendants' liability would have been made to depend upon the performance of the condition on the part of the plaintiff within the time.

The averment, therefore, that the selection was made, and notice given to the defendants, within a reasonable time, is sufficient. If it was not so made, the defendants will have the benefit, on their plea, in which that averment is traversed.

With regard to the second of these objections, whatever doubts may have been formerly entertained, we think the law as now understood will not sustain the objection.

Tinney
v.
Ashley.

Where concurrent acts are to be performed by the parties at the same time, the party suing for damages for the non-performance by the other party, is only required to aver that he was ready and willing to perform the agreement on his part, and that the defendant was requested to perform the agreement on his part, but refused or neglected so to do.

This was decided in the case of *Rawson* v. *Johnson*, 1 East, 208, in which the former cases were considered and such an averment was held to be sufficient. It was argued for the defendant, that it was not enough to be ready and willing to perform, unless that was made known to the other party; but this objection was overruled, and, as we think, upon sound and satisfactory reasons.

When one party demands of the other the performance of a mutual agreement, by which concurrent acts are to be performed by each party, an offer on the part of the party making the demand, to perform his part of the agreement, is implied and understood; and when the other party refuses to comply, he thereby dispenses with any other offer. And where he neglects to comply, without offering any reason for his non-compliance, the legal effect is the same. In the 4th count, however, a neglect and refusal are both alleged.

As to the other part of the objection, that it was incumbent on the plaintiff to prepare a deed for the defendants to execute, we think it clearly was not. The defendants contracted to execute and deliver a good and sufficient deed, and it is incumbent on them to do whatever was necessary to the performance of their contract. If the law in England is otherwise, it must be founded on custom and practice and not on any legal principle independently of practice.

We are next to decide as to the sufficiency of the 5th and 6th counts. And we are of opinion that they are manifestly insufficient. The defendants agreed to give a good and sufficient warranty deed of the lots selected, and nothing more. The words "good and sufficient" relate only to the validity of the deed to pass the title, which the defendants had, to the plaintiff, and do not imply that their title was valid, or that it was free from incumbrances. To guard against any defect of title a covenant of warranty was provided for; which shows

clearly, that the agreement was so understood by the parties. If any authority were necessary to support so plain a construction of the contract, the case of *Gazley v. Price*, 16 Johns. R. 268, will be found full and decisive as to this point.

From the remarks already made as to the sufficiency of the 4th count, it follows that the 9th and 10th pleas are bad ; and it only remains for us to decide as to the sufficiency of the 2d plea. And this probably is of little importance, as the averments in the 1st count, to which the plea relates, are specially traversed in other pleas. We have, however, no doubt that this plea is bad, for the cause assigned in the special demurrer.

In general, a plea of performance of a condition, must show specially the manner of the performance. The exception is, where the matter is of so intricate and complicated a nature, or embraces such a variety of minute circumstances, that a particular statement would cause great prolixity ; which the law does not countenance. 1 Chitty on Pl. (5th Eng. edit.) 567. Thus where the condition is to return all writs, or to account for all moneys received &c., a general performance may be well pleaded. Story on Pl. (1st edit.) 154. But if the condition be to perform a specific act, as is the present case, a special performance must be pleaded.

*The 2d, 9th and 10th pleas adjudged bad ; the 20th, 21st, and 22d pleas adjudged good.*